# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### FLORENCE DIVISION

| | | |
|---|---|---|
| Joshua Dyson Carraway, | ) | **COMPLAINT** |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 4:25-cv-2980-JD** |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Equifax Information Services, LLC, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## COMPLAINT

1.      This is an action brought by the Plaintiff, Joshua Dyson Carraway, for actual, statutory, and punitive damages, attorney's fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq,* (hereinafter "FCRA").

2.      The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3.      The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies, requiring that they do much more than simply pass information between themselves and furnishers of information electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

## JURISDICTION AND VENUE

4.      This Court has Jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

1

§1681p, and 28 U.S.C. §1331 and §1332.

5.      Venue is proper in the Florence Division because the Plaintiff resides in Florence and the Defendant transacted business in this division.

## PARTIES

6.      The Plaintiff, Joshua Dyson Carraway, is a resident and citizen of the State of South Carolina, Florence County, and is over the age of twenty-one (21) years.

7.      Defendant Equifax Information Services, LLC ("Equifax") is a Georgia corporation registered to do business in South Carolina with the South Carolina Secretary of State. Defendant Equifax may be served with process through its registered agent for service of process, Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169. Defendant Equifax was in all respects and at all times relevant herein doing business in the state of South Carolina.

8.      Defendant Equifax is a credit reporting agency as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a.

9.      Defendant Equifax's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to provide a consumer a complete copy of their credit file upon request, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file, and which requires the Defendant to conduct a reasonable re-investigation of disputed information received from the Plaintiff.

10.     The Plaintiff alleges that Defendant repeatedly failed to delete and suppress

2

erroneous, false, misleading, or inaccurate information from the Plaintiff's credit file, mixed the Plaintiff's credit file with that of another consumer, and/or completely removed Plaintiff's credit file, replacing his with another individual and reporting said other individual's credit as belonging to Plaintiff.

<h2 style="text-align:center"><u>FACTUAL ALLEGATIONS</u></h2>

11.    In January 2024, Plaintiff's car insurance premium increased from $53.00 per month to over $200.00 per month.  In order to determine why his insurance payment increased so drastically, Plaintiff contacted his insurance company, Geico, and learned that Geico had placed a $360.18 debt owed by another Geico insured by the name of Joshua "Knox" in Plaintiff's name.

12.    As a result, a collection account was reported as belonging to Plaintiff to the Defendant sometime between October 2, 2023, and January 3, 2024.

13.    When the CCS Collection account was added to Plaintiff's Equifax credit file, Plaintiff's credit score dropped 120 points, from 638 to 518.

14.    On January 23, 2024, at the advisement of Geico, Plaintiff filed a police report with the Florence County Sheriff's Office.

15.    On or about January 23, 2024, Plaintiff pulled his Equifax credit report and discovered that his credit report was reporting a collections account that was not his. Additionally, Plaintiff's credit report now contained multiple addresses at which he never lived.

16.    On or about February 21, 2024, Plaintiff mailed a written dispute letter ("First

3

Dispute Letter") to Defendant via certified mail. Plaintiff's dispute included the CCS Collections for Geico Indemnity Co., Account No. xxxxx 23 (the "Account") that did not belong to him, and two incorrect addresses at which he never lived.

17.     Defendant received Plaintiff's First Dispute Letter on February 25, 2024, but never responded to Plaintiff. Defendant also never re-investigated any of the items or CCS Collection account Plaintiff disputed.

18.     On or about April 18, 2024, Plaintiff mailed a second written dispute letter ("Second Dispute Letter") to Defendant via certified mail. In this letter, Plaintiff stated he had mailed a letter to Defendant on February 21, 2024, disputing information that was reporting incorrectly on his credit report, but that Equifax had never responded. Plaintiff reiterated the incorrect information being reported and again asked Defendant to remove the incorrect addresses and CCS Collection account from his credit report as they did not belong to Plaintiff.

19.     Defendant received Plaintiff's Second Dispute Letter on April 23, 2024.

20.     On or about April 27, 2024, Defendant sent Plaintiff a letter stating it was unable to locate a credit file in their database for Plaintiff with the identification information he provided, and thereby requested Plaintiff send two forms of identification: one verifying his Social Security number and the other his current address.

21.     On or about May 1, 2024, Defendant sent Plaintiff a letter including a copy of "Remedying the Effects of Identity," prepared by the Consumer Financial Protection Bureau.

22.    On or about June 12, 2024, Plaintiff mailed to Defendant, via certified mail, a copy of Defendant's letter and his driver's license and Social Security card in response to Defendant's request for documentation verifying his identity and address.

23.    Defendant received Plaintiff's documentation verifying his identity and address, but never responded to Plaintiff.  Defendant also never re-investigated any of the information Plaintiff disputed.

24.    On or about January 7, 2025, Plaintiff mailed a third written dispute letter ("Third Dispute Letter") to Defendant via certified mail.  In this letter, Plaintiff stated he had mailed a letter to Defendant on February 21, 2024, and April 18, 2024, disputing information that was reporting incorrectly on his credit report, but the only response he received from Defendant was to request proof of his identity and address which he provided to Defendant on June 12, 2024.  With his Third Dispute Letter, Plaintiff included a copy of the police report he filed regarding the fraudulent CCS Collection account.

25.    Defendant received Plaintiff's Third Dispute Letter on January 10, 2025.

26.    On or about January 14, 2025, Defendant sent Plaintiff a letter stating it was unable to locate a credit file in their database for Plaintiff with the identification information he provided, and thereby requested Plaintiff send two forms of identification: one verifying his identity and the other his current address.

27.    On or about February 7, 2025, Plaintiff mailed Defendant, via certified mail, return receipt requested, a copy of Defendant's January 14th letter requesting two pieces of identifying documents, a copy of his driver's license and Social Security card, a copy of

his January 7th dispute letter, and the police report he filed.

28.     On February 14, 2025, Defendant received Plaintiff's documentation verifying his identity and address, but never responded to Plaintiff.  Defendant also never re-investigated any of information Plaintiff disputed.

29.     For at least six months, Plaintiff's file was mixed with a third party.  During this time Defendant had repeated notice that Plaintiff's credit file was incorrect and mixed with a third party, but Defendant failed to take any steps to correct it.

30.     While the inaccurate information and fraudulent CCS Collection account was reporting on Plaintiff's Equifax credit file, it was viewed by SC State Federal Credit Union, Ally Financial, Capital One, JPMCB – Auto Finance, Global Lending Services, LLC, Anderson Brothers Bank, Wells Fargo Dealer Services, Florence Toyota, Hyundai Motor Finance Corp, Consumer Portfolio Services, Simba LLC, Xactus, Equifax Mortgage Services, and First Heritage Credit.

31.     During the time Plaintiff's credit file was inaccurate and/or mixed, he has been unable to move forward with trying to buy a home for his family.  On January 7, 2025, Movement Mortgage reviewed Plaintiff's credit information via a soft pull and determined there was no way for Plaintiff to obtain a mortgage at that time.

32.     As of the date of the filing of this Complaint, Defendant continues to have the Plaintiff's credit file mixed with that of another individual, and to issue false, inaccurate credit reports to third parties which have harmed Plaintiff's reputation and caused him damages.

## COUNT ONE
## FCRA - 15 U.S.C. §1681n

33.     The Plaintiff adopts the averments and allegations of paragraphs 11 through 32 hereinbefore as if fully set forth herein.

34.     Defendant maintains and distributes credit data files on the Plaintiff's credit.

35.     Defendant willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; (c) failing to provide Plaintiff his credit file pursuant to 15 U.S.C. §1681g; and (d) failing to block the fraudulent account after receipt of a valid police report.

36.     The Plaintiff further alleges that Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

37.     Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, the Plaintiff is entitled to statutory damages.

38.     As a result of Defendant's willful violations of the FCRA, the Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, increased costs of credit, lost opportunities to receive credit, damage to reputation, worry, anxiety, physical sickness, physical pain, headaches, loss of sleep, distress, frustration, embarrassment, and humiliation. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

39.     In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

40.     Plaintiff is entitled to attorneys' fees, pursuant to 15 U.S.C. §1681o(a)(2).

41.     Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights.  Therefore Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

## COUNT TWO
## FCRA 15 U.S.C. §1681o

42.     The Plaintiff adopts the averments and allegations of paragraphs 11 through 41 hereinbefore as if fully set forth herein.

43.     Defendant negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; (c) failing to provide Plaintiff his credit file pursuant to 15 U.S.C. §1681g; and (d) failing to block the fraudulent account after receipt of a valid police report.

44.     Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

45.     As a result of Defendant's negligent violations of the FCRA, the Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, anxiety, physical sickness,

physical pain, headaches, loss of sleep, distress, frustration, embarrassment, and humiliation. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

46.     In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

47.     Plaintiff is entitled to attorney fees, pursuant to 15 U.S.C. §1681n(a).

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendant for the following:

A.     Actual and statutory damages from Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B.     Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C.     Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and

D.     For such other and further relief as the Court may deem just and proper.

/s/ *Penny Hays Cauley*
Penny Hays Cauley, Fed ID #10323
**HAYS CAULEY, P.C.**
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

9

/s/ *Penny Hays Cauley*

Penny Hays Cauley

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**

Equifax Information Services, LLC

c/o - Corporation Service Company - Registered Agent

508 Meeting Street

West Columbia, SC 29169